**Vivian Janeth RIVAS, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 09–60636
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 18, 2010.

Gino Mario Mesa, Esq., Law Office of Gino M. Mesa, Houston, TX, for Petitioner.

Mark Christopher Walters, Assistant Director, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM: *

Vivian Rivas Janeth, a citizen and native of Guatemala, petitions this court for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal from the Immigration Judge's (IJ) denial of her application for withholding of removal. In her petition for review, Rivas does not dispute the BIA's conclusion regarding future persecution. Consequently, any claim she may have had concerning this conclusion is abandoned. *See Hongyok v. Gonzales,* 492 F.3d 547, 551 n. 5 (5th Cir.2007).

Rather than challenging the BIA's determination concerning future persecution, Rivas focuses her arguments to this court on past persecution. Specifically, she contends that the three incidents she described during the hearing on her application for withholding of removal sufficed to show that she had suffered past persecution based on her political beliefs and membership in a certain social group.

Because the BIA's dismissal of Rivas's appeal was based in part on the IJ's opinion and in part on its own conclusions, we will review both decisions. *See Zhu v. Gonzales,* 493 F.3d 588, 593 (5th Cir.2007). We review an immigration court's rulings of law de novo and its findings of fact to determine if they are supported by substantial evidence in the record. *Id.* at 594.

Both the BIA and the IJ determined that the harm Rivas suffered in Guatemala did not rise to the level of persecution and that she was thus unable to establish that she was persecuted in her native country. The evidence does not compel a contrary conclusion. *See Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir.2006); *see also Eduard v. Ashcroft,* 379 F.3d 182, 186 (5th Cir.2004); *Mikhael v. I.N.S.,* 115 F.3d 299, 304 & n. 4 (5th Cir.1997). To the extent Rivas contends that the IJ rejected her claim because she had failed to prove that she suffered permanent or life-threatening injuries, this contention is based on an apparent misreading of the IJ's opinion. As the BIA noted, the IJ imposed no such requirement.

PETITION FOR REVIEW DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.